Scoeield, J.,
delivered the opinion of the court:
These two claims, the one of $351 and the other of $529, for taxes erroneously assessed and paid, are founded upon an alleged decision of refund made by the Commissioner of Internal Rev *3 enue, under section 3220 of the Revised Statutes. That section provides that—
“ The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected.”
The following is one of the regulations prescribed by the Secretary:
“ 7th. Where the case of an appeal involves an amount exceeding $250, and before it is finally decided, the Commissioner of Internal Revenue will transmit the case, with the evidence in support of it, to the Secretary of the Treasury, for his consideration and advisement.”
The taxes in dispute were duly paid by the several claimants, and in 1873 they applied to the Commissioner for a refund. March 28, 1876, a schedule of claims, embracing these two cases, was transmitted by the Commissioner to the Secretary, to which was appended the following certificate:
“ I hereby certify that the foregoing claims for the refunding of taxes erroneously assessed and paid have been examined and allowed, and are transmitted to the Secretary of the Treasury for his consideration and advisement.
“ D. D. Pratt,
“ Commissioner.
“ Office of Internal Revenue,
a March 28, 1876.”
September 12, 1876, the claims were returned, with a letter from the Secretary, concluding in these words: “ In view of all the facts in the case, the recommendation for a refund of these taxes is disapproved.”
November 24, 1876, the cases were again transmitted by the Commissioner to the Secretary, with an argument in their support, which concluded by saying, “ The claims, with additional affidavits, are herewith submitted for further consideration.” March 26, 1877, the claims were returned, with an argument against their allowance, concluding as follows: “Your recommendation for a refund is therefore disapproved.”
June 18,1880, the claims were for a third time transmitted to the Secretary, with a full history and statement of each case, *4 and were again returned, with the information that the application for a reconsideration was refused.
Thereafter the Commissioner made no order in the cases, nor did he transmit them to the First Comptroller, as required by regulation 5 in all cases where “ he had completed his examinations and given his judgment.”
Did this action on the part of the Commissioner constitute a final decision of the cases by him, or did it amount only to a decision nisi ?
Although in form it is a final decision on the part of the Commissioner, from the fact that he sent them to the Secretary 11 for his consideration and advisement,” it is evident that he did not so consider or intend it. That would be not only an idle but an impertinent ceremony if the cases were already decided. Before final decision he was required by regulation 7 (supra) to transmit the claims to the Secretary “ for consideration and advisement,” and in the whole correspondence there is no intimation that he did not consider that regulation obligatory.
The Secretary understood, as appears by his reply, that it was a decision nisi. He calls it the Commissioner’s u recommendation for a refund.”
In sending the cases a second and third time to the Secretary, the Commissioner says, “ The claims, with additional affidavits, are herewith submitted for further consideration.”
After the close of the correspondence with the Secretary, the Commissioner did not send the cases to the First Comptroller, as he would have done if he considered them finally decided. For these reasons we think the Commissioner never intended to make a final decision favorable to the claimants. But if he did so intend, the decision was made before the cases were submitted to the Secretary, and therefore, under regulation 7, was illegal and void. In reply to this it is said that the regulation was itself contrary to the statute, and therefore not obligatory. In this objection we do not concur. A rule which requires the Commissioner to give notice to the Secretary before final allowance of a pending claim, and to receive and consider any facts or argument that he may urge against it, cannot be regarded as repugnant to the statute, but rather in furtherance of its honest admiilistration. If the Commis *5 sioner is to be considered a judge or court to hear and finally determine the case, a requirement of notice and opportunity to be heard,before judgment, cannot be considered an improper regulation.
Whether these regulations can be construed to mean that no final allowance can be made without the consent of the Secretary, and, if so, whether to that extent they are in conflict with the statute, and therefore void, is not involved in the facts of these cases, and no opinion upon that question is now expressed.
The petition of the claimants in each of these cases must be dismissed.
The Ohiee Justice was not present at the trial of these cases, and took no part in the decision.
Weldon, J., had not taken his seat when these cases were heard, and took no part in the decision.